UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DUY TRONG NGUYEN and AU THI LE,<br>individually and d/b/a Lighthouse Cafe &<br>Restaurant a/k/a Lighthouse Cafe, Inc., and<br>LIGHTHOUSE CAFE, INC. d/b/a Lighthouse<br>Cafe and Restaurant<br><br>    Defendants. | Case No.: 5:11-CV-02341-EJD<br><br>**ORDER GRANTING MOTION FOR**<br>**DEFAULT JUDGMENT** |

    Plaintiff G & G Closed Circuit Events, LLC moves for entry of default judgment in the amount of $112,400.00 against Defendants Duy Trong Nguyen and Au Thi Le, both individually and d/b/a Lighthouse Cafe & Restaurant a/k/a Lighthouse Cafe, Inc. and against Lighthouse Cafe, Inc. (d/b/a Lighthouse Cafe & Restaurant) itself. Plaintiff seeks damages stemming from Defendants' alleged violation of 47 U.S.C. § 605 and for conversion of Plaintiff's property. The Court took Plaintiff's motion under submission on April 3, 2012. Having considered the moving papers, the motion will be granted in part for the reasons discussed below.

/

/

/

1
Case No.: 5:11-CV-02341-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

# I. BACKGROUND

## A. Factual History

Plaintiff is a distributor of sports and entertainment programming. Compl. ¶ 13. It purchased the commercial distribution rights to *Strikeforce St. Louis: "Heavy Artillery,"* (hereinafter the "Program") a fight that was telecasted on May 15, 2010. Id. ¶ 11. Plaintiff then entered into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons. Id. ¶ 12. The Program was broadcast in interstate commerce, and only Plaintiff's sublicensees were entitled to screen the Program in commercial establishments. Id. ¶¶ 11–12.

On the day of the broadcast, Gary Gravelyn, an investigator hired by Plaintiff, observed an exhibition of the Program in Lighthouse Cafe & Restaurant. Decl. of Affiant at 2, May 17, 2011, ECF No. 17 attachment no. 3. Defendants had not obtained a sublicense, so they were not entitled to exhibit the Program. Compl. ¶ 14. Gravelyn entered the premises without paying a cover charge and observed the Program on approximately sixteen televisions and one projector. Decl. of Affiant at 2. Between 8:15 p.m. and 8:35 p.m., he performed three headcounts, noting the presence of thirty-two or thirty-three patrons on each count. Id. at 2-3. The declaration indicates that the capacity of Lighthouse Cafe & Restaurant is 250 persons and that Gravelyn observed a satellite dish but no cable box. Id. at 2.

## B. Procedural History

Plaintiff filed the instant action on May 12, 2011. After Defendants Duy Trong Nguyen, Au Thi Le, and Lighthouse Cafe, Inc. were served with process and failed to respond in a timely manner, ECF Nos. 9–11, Plaintiff moved for entry of default and served the motion by mail. ECF No. 12. The clerk entered default on September 8, 2011. ECF No. 13. Plaintiff moved for default judgment on January 19, 2012, and has provided proof of service indicating that a copy of the application for default judgment was mailed to each Defendant. ECF No. 17. Defendants did not appear at the hearing.

2
Case No.: 5:11-CV-02341-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

## II. DISCUSSION

### A. Jurisdiction

Courts have an affirmative duty to examine their own jurisdiction—both subject matter jurisdiction and personal jurisdiction—when entry of judgment is sought against a party in default. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

The court has subject matter jurisdiction over this action because the complaint seeks relief pursuant to causes of action authorized by 47 U.S.C. §§ 553 & 605. See 28 U.S.C. § 1331.

Plaintiffs bear the burden of establishing personal jurisdiction over Defendants. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). In the complaint, Plaintiff alleges that Defendant Lighthouse Cafe & Restaurant is located at 1654 Burdette Drive, Suite 100, San Jose, California, an address within this district. Furthermore, Plaintiffs allege that Defendants Nguyen and Le operate, maintain, control, and do business as Lighthouse Cafe & Restaurant. The cause of action arises out of Defendants' alleged operation of the restaurant. Because the violation arises out of Defendants' alleged business conduct in the district, personal jurisdiction over each of them is proper.

Finally, the court must assess whether the Defendants were properly served with notice of this action. Upon review of the certificates and affidavits of service, the court finds that Plaintiff effected service of process in conformity with Fed R. Civ. P. 4(c) and 4(e)(1) and Cal. Civ. Proc. Code § 415.20(b). See ECF Nos. 9-11.

### B. Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b), the court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has provided seven factors for consideration by the district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4)

3

Case No.: 5:11-CV-02341-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When assessing these factors, all factual allegations in the complaint are taken as true, except those with regard to damages. Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Here, the court finds that the Eitel factors favor entry of default judgment. First, Plaintiff will be prejudiced if default judgment is not entered. Because Defendants have elected not to take part in the litigation, Plaintiff will be denied the right to adjudicate its claims and obtain relief if default judgment is not granted. Second, Defendants have not presented a defense or otherwise communicated with the court. Accordingly, there is no indication that Defendants' default was due to excusable neglect or that the material facts are subject to dispute. Third, although entry of default judgment may not be appropriate where a large sum of money is at stake, see Eitel, 782 F.2d at 1472, here the damages sought are statutory and the amount is left to the court's discretion.

The merits of Plaintiff's claims and the sufficiency of the complaint also favor entry of default judgment. Plaintiff has adequately alleged a violation of 47 U.S.C. § 605 and conversion by claiming that Defendants knowingly decrypted and displayed the Program for commercial gain and without paying to Plaintiff its rightful license fee. See Compl. ¶¶ 14–15. Taken as true, these allegations are sufficient to establish a claim for a violation of §§ 553 & 605 and for conversion.

Finally, although strong public policy favors decisions on the merits, Defendants' choice not to appear in the action suggests that litigation of the merits will not be possible in this case. In sum, the court finds that the Eitel factors collectively favor entry of default judgment. The Court therefore GRANTS Plaintiff's motion for entry of default judgment.

4
Case No.: 5:11-CV-02341-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**C. Scope of Relief**

**1. Whether to Apply 47 U.S.C. § 605 or § 553**

In the complaint, Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), $10,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii), $50,000 in enhanced damages pursuant to 47 U.S.C. § 553(c)(3)(B), and damages for conversion in an amount according to proof. On the instant motion for default judgment, Plaintiff abandons its demands under § 553. Still, the Court analyzes whether damages under § 605 are justified.

Section 605 applies to intercepted "radio" communications or broadcasts through the air, such as satellite broadcasts. J & J Sports Prods., Inc. v. Man Thi Doan, No. C-08-00324 RMW, 2008 WL 4911223, at *2 (N.D. Cal. Nov. 13, 2008) (citing United States v. Norris, 88 F.3d 462 (7th Cir. 1996)). The pleadings allege that Defendants intercepted a satellite broadcast, and Gravelyn stated that he observed a satellite dish at Lighthouse Cafe & Restaurant. Decl. of Affiant at 2. Accordingly, Plaintiff properly seeks damages under § 605 and not § 553, which applies to cable communications.

**2. Statutory Damages Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)**

Under 47 U.S.C. § 605(e)(3) the Court may award statutory damages in an amount between $1,000 and $10,000 for a violation of § 605(a). Plaintiff requests $10,000, noting that at least two other district courts have awarded that amount under circumstances similar to those present in this case. See J & J Sports Prods., Inc. v. Flores, No. 1:08-cv-0483 LJO DLB, 2009 WL 1860520, at *2 (E.D. Cal. June 26, 2009) (awarding $10,000 in damages for violation of § 605(a) in an establishment without a cover charge and serving thirty-five people); J & J Sports Prods., Inc. v. George, No. 1:08cv090 AWI DLB, 2008 WL 4224616, at *2 (E.D. Cal. Sept. 15, 2008) (awarding $10,000 in damages for violation of § 605(a) in an establishment without a cover charge and serving thirty people). Plaintiff contends that the maximum award against Defendants is necessary to deter future violations.

5
Case No.: 5:11-CV-02341-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Plaintiff has presented evidence that the establishment's capacity is 250 persons, that the establishment served thirty-two, thirty-two, and thirty-three persons during Gravelyn's three headcounts, and that the Program was shown on about sixteen televisions. Having considered all of the evidence presented, the court finds an award of $6,000 to be appropriate.

### 3. Enhanced Damages Pursuant to 47 U.S.C. § 605(e)(3)(C)(ii)

47 U.S.C. § 605(e)(3)(C)(ii) provides for an enhanced damage award of up to $100,000 when "a violation was committed willfully and for purposes of direct or indirect commercial advantage or financial gain."

Plaintiff alleges that Defendants' interception of the program was willful and for purposes of commercial advantage or private gain. Compl. ¶ 15. Allegations in the complaint, though admitted against the defaulting party, do not bind the Court in exercising its discretion to award damages. This is particularly true when the allegation is conclusory.

The court notes that Plaintiff's counsel had previously filed four cases in this district against the Defendants for similar conduct[1]; Defendants had been served in only two of those cases before the alleged violation in this case occurred.[2] Because both of those earliest cases settled and were dismissed by the Plaintiff with prejudice, this court has no basis upon which to conclude that the Defendants should be considered repeat violators of the statute.

The court concludes that this is not an appropriate situation for the discretionary imposition of enhanced damages.

### 4. Costs and Fees Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii)

Costs and reasonable attorney's fees are recoverable under 47 U.S.C. § 605(e)(3)(B)(iii). In its motion Plaintiff requests that the judgment include costs and attorney's fees, but it makes no attempt to prove up the amount of either costs or fees. The court therefore has no basis on which to make such an award.

---

[1] Nos. 5:09-CV-03591-RMW, 5:10-CV-00168-LHK, 5:10-CV-05713-EJD, and 3:11-CV-01157-SI.
[2] Nos. 5:09-CV-03591-RMW and 5:10-CV-00168-LHK.

6
Case No.: 5:11-CV-02341-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

### 5. Damages for Conversion

The facts alleged in the complaint are sufficient to establish that Defendants' screening was inconsistent with Plaintiff's ownership of the right to control the exhibition the Program. The complaint is therefore sufficient to establish that Defendants are liable for the tort of conversion. See Culp v. Signal Van & Storage, 142 Cal. App. 2d Supp. 859, 862 (Cal. App. Dep't Super. Ct. 1956). Pursuant to Cal. Civ. Code § 3336, Defendants would be liable for the value of the property at the time of the conversion.

But conversion damages are inappropriate in this case for two independent reasons. First, Plaintiff has not submitted any evidence supporting its claimed damages. Second, federal law arguably preempts a state-law conversion claim like Plaintiff's, see Joe Hand Promotions, Inc. v. Patton, 10–40242–FDS, 2011 WL 6002475, at *5 (D. Mass. Nov. 29, 2011), but the court need not reach the preemption issue here. Because Plaintiff is awarded statutory damages in excess of the claimed actual damages, any additional award would constitute a double recovery. Section 605(e)(3)(C)(i) allows for recovery of either 1) plaintiff's actual damages plus the defendant's profits attributable to the violation, or 2) statutory damages between $1,000 and $10,000, as described above. The choice between the two damages schemes is exclusively the plaintiff's. 47 U.S.C. § 605(e)(3)(C)(i). A party that elects statutory damages under the federal law should not also be allowed to recover actual damages for the same act under a state law theory. See, e.g., J & J Sports Prods., Inc. v. Miramontes, CV-10-02345-PHX-FJM, 2011 WL 892350, at *2 (D. Ariz. Mar. 14, 2011); Kingvision Pay-Per-View, Ltd. v. Lardo, 10-cv-0059, 2010 WL 3463316, at *5 (E.D. Pa. Sept. 10, 2010); J & J Sports Productions, Inc. v. J.R. 'Z Neighborhood Sports Grille, Inc., 2:09-03141-DCN-RSC, 2010 WL 1838432, at *2 (D.S.C. Apr. 5, 2010).

/
/
/
/

### III. CONCLUSION

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment is GRANTED IN PART. Plaintiff shall be entitled to recover $6,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) against the Defendants.

**IT IS SO ORDERED.**

Dated: April 27, 2012



EDWARD J. DAVILA
United States District Judge

8
Case No.: 5:11-CV-02341-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT